MEMORANDUM *
California State University, Fullerton Foundation (the “Foundation”) appeals from the decision of the Bankruptcy Appellate Panel (the “BAP”) reversing the bankruptcy court’s grant of summary judgment in favor of the Foundation and remanding for further proceedings.
We have jurisdiction over this appeal under our “pragmatic approach” to finality in bankruptcy proceedings. See In re Prestige Ltd. P’ship-Concord, 234 F.3d 1108, 1112-13 (9th Cir.2000); In re Coupon Clearing Serv., Inc., 113 F.3d 1091, 1098-99 (9th Cir.1997). Because the bankruptcy court properly granted summary judgment in favor of the Foundation, we reverse the decision of the BAP and remand with instructions to reinstate the bankruptcy court’s order.
I. Agency
The only admissible evidence before the bankruptcy court demonstrates that the Foundation was acting as an agent for the Trustees of California State University, Fullerton (“CSUF”) in the administration of the contract, including the receipt of and administration of the $500,000 at issue in this case. See In re Coupon Clearing Serv., 113 F.3d at 1099. Summary adjudication in favor of the Foundation on this *132 issue was therefore appropriate. See Fed. R.CivJP. 56(e).
II. California’s Unifonn Fraudulent Transfer Act
Howard Ehrenberg, the individual challenging the transfer, failed to introduce any admissible evidence demonstrating that the debtor did not receive “reasonably equivalent value” in exchange for the $500,000 transfer; and that the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer.[1] See Cal. Civ.Code § 3439.05; Mejia v. Reed, 31 Cal.4th 657, 3 Cal.Rptr.3d 390, 74 P.3d 166, 174-75 (2003) (placing burden of proof on party challenging the transfer); In re Curry & Sorensen, Inc., 112 B.R. 324, 328 (9th Cir. BAP 1990) (same). Summary adjudication in favor of the Foundation on this issue was therefore appropriate.[2] See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that summary judgment is appropriate when the nonmoving party “fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial”); see also Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir.2002); Fed.R.Civ.P. 56(e).
III. “Transferee” of the Funds under 11 U.S.C. § 550(a)
The only admissible evidence before the bankruptcy court demonstrates that the Foundation acted as a mere agent for CSUF and that the Foundation did not have the right to use the $500,000 as it wished but had to, instead, obtain authorization from CSUF for any expenditure of the funds. This evidence establishes that the Foundation was not a “transferee” of the funds under the meaning of § 550(a). See In re Incomnet, Inc., 463 F.3d 1064, 1070-71 (9th Cir.2006); In re Bullion Reserve of N. Am., 922 F.2d 544, 549 (9th Cir.1991) (“[A]n entity does not have ‘dominion over the money’ until it is, in essence, ‘free to invest the whole [amount] in lottery tickets or uranium stocks.’ ”) (citation omitted). Summary adjudication in favor of the Foundation on this issue was therefore proper.
REVERSED and REMANDED with instructions to reinstate the bankruptcy court’s order.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Furthermore, Ehrenberg’s counsel conceded, at oral argument, that the consideration provided to the debtor by CSUF was of reasonably equivalent value.

. Although Ehrenberg claims that the bankruptcy schedules and other information he presented to the bankruptcy court raise genuine issues of material fact, the bankruptcy court held that such information was inadmissible and Ehrenberg did not appeal the bankruptcy court’s evidentiary ruling. See, e.g., Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir.2002) (noting that a party opposing summary judgment cannot establish a triable issue of fact by relying on inadmissible evidence). Additionally, Ehrenberg's allegation that the Foundation failed to adequately respond to his discovery requests lacks merit because he never sought to compel any further response to such discovery efforts.